*J. R. Hallam, for appellants.   O. W. Root, for appellees.*

---

## JAMES W. WILLIAMS' ADM'R v. J. H. GATES.

**Contract of an Intestate.**

Where the sheriff makes a levy on property, and the execution defendant agrees, if allowed to keep it, that he will sell the same and pay over the proceeds to the sheriff for the holder of the judgment, and makes the sale but dies before the property is paid for, the administrator may not force the officer or the holder of the judgment to pay over such proceeds to him.

**Levy on Property Creates a Lien.**

If the sheriff holding an execution levies on personal property he has a lien, and such lien is not divested by an agreement by which the sheriff permits the defendant to hold and sell such property to pay such lien, and the officer and owner of the execution are not liable to the defendant or his estate for any part of such proceeds except such as exceed the same due such a plaintiff.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 17, 1880.

OPINION BY JUDGE COFER:

During the life of the appellant's intestate the appellee, who was then sheriff of Daviess county, levied certain executions in his hands upon a lot of corn belonging to the intestate, but left it in his possession under the agreement that it should be sold privately and the price should be received by the appellee and applied to the satisfaction of the execution. The corn continued in the possession of the intestate up to the time of his death, after which the appellee delivered it to persons to whom it had been contracted before the intestate's death.

The appellant qualified as administrator and brought suit to settle the estate, after which the appellee collected a part of the price of the corn, and the appellant instituted a motion in the settlement suit to compel the appellee to account for the corn and to pay over to him that part of the price collected. The court overruled the motion and this appeal is prosecuted to reverse that judgment.

After suit for the settlement of an estate is commenced the assets become subject to the orders of the court in the administration of the trust; and we entertain no doubt of the power of the court, by summary proceedings, to compel any one who may thereafter come into possession of any part of the assets without the consent of the court to account for them, and that it is not necessary to resort to an independent action. A person so interfering is guilty of an invasion of the authority of the court, and becomes at once amenable to its process as for a contempt, and may be compelled to come in and manifest his right to the assets received by him. But in response to such process he may set up his claim to the assets in the same manner that he could have done if he had been sued in a separate action by the personal representative, and any defense that would have been good in such an action will be a good defense to the summary process of the chancellor.

Such a defense was set up in the response in this case. The agreement between the intestate and the appellee that the corn should be sold and the price paid to the latter to be by him applied to the satisfaction of the executions levied upon it by him was valid, and, if the appellee had been sued by the administrator for the conversion of the corn or for money had and received, the agreement of

the intestate would have been a good defense unless the amount received exceeded the amount due on the executions, which was not the case.

The levy created a valid lien on the corn and entitled the execution plaintiffs to have the proceeds of its sale applied to the satisfaction of their judgments, and there is no reason why the appellee should be required to pay it into court or to the appellant. If this were done the court would be compelled to recognize the lien of the execution creditors, and the appellee, having paid them, would be substituted to their rights, and the money would have to be immediately handed back to him; and if there be any part of the money that he has not actually paid over he has a right to apply it according to the agreement. If he fails or refuses to pay it over to the execution creditors, the court would no doubt have a right upon complaint to compel him to do so, but such was not the object of this proceeding.

The corn was sold and delivered to the purchasers before the suit to settle the estate was commenced, and hence its sale and removal, if wrongful, gave the administrator a right of action for its conversion, but there being no action then pending to settle the estate, such interference was no intrusion upon the jurisdiction and authority of the court, and the court had no right to inquire into it.

Wherefore the judgment is *affirmed*.

*Williams & Powers, for appellant.*